UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: JAMES ASHWORTH MCGRAW | ) | |
| and CHERYL LYNN MCGRAW, | ) | CASE NO. 04-11693-MAM |
| | ) | |
| Debtors. | ) | |
| and | ) | |
| IN RE: JAY LAWRENCE MORRIS, | ) | |
| | ) | |
| | ) | CASE NO. 04-12209-WSS |
| Debtor. | ) | |

**ORDER GRANTING DEBTORS' MOTIONS
FOR ENTRY AND ISSUANCE OF DISCHARGE**

C. Michael Smith and Suzanne Paul, Attorneys for James and Cheryl McGraw
William M. Doyle, Attorney for Jay Lawrence Morris
Jeffery J. Hartley, Attorney for Trustee
John C. McAleer, Chapter 13 Trustee

This matter is before the Court on the Debtors' motion for entry and issuance of discharge. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(i), and the Court has the authority to enter a final order. For the reasons indicated below, the Court finds that the Debtors' motion for entry of a discharge is due to be granted.

FACTS

James and Cheryl McGraw filed their voluntary petition under Chapter 13 on March 29, 2004. Their Chapter 13 plan was confirmed on June 4, 2004, as a sixty month plan, with payments to be made monthly. As of June 2009, the McGraws had paid to the Chapter 13 Trustee the sixty payments required by their confirmed plan.

Jay Morris filed his Chapter 13 petition in bankruptcy on April 14, 2004. His plan was

1

confirmed on June 23, 2004, as a sixty month plan with payments to be made monthly. As of May, 2009, Mr. Morris had paid to the trustee the sixty payments required by his confirmed plan. The Chapter 13 Trustee notified the Debtors in each case that additional payments were due beyond the sixty plan payments that had already been paid pursuant to their confirmed plans. The Chapter 13 Trustee advised the McGraws that they must pay an additional $880.65 and Mr. Morris was advised that he would have to pay two additional monthly payments. It was the trustee's position that, despite having made sixty payments, the Debtors needed to make the additional monthly payments before they would be entitled to a discharge. The trustee contends that only payments received after confirmation count toward the satisfaction of the requisite number of payments under a debtor's Chapter 13 plan and that pre-confirmation payments should not be considered in determining whether debtors have reached the sixty payment threshold.

CONCLUSIONS OF LAW

The issue in these cases is whether the Debtors are entitled to receive their discharge after paying to the Chapter 13 Trustee the sixty payments required by their confirmed plans. A Chapter 13 debtor is required to file a plan within 15 days of filing his or her petition. *See* Fed. R. Bankr. P. 3015(b). Pursuant to 11 U.S.C. §1326(a)(1), a debtor is required to commence plan payments to the trustee within 30 days after the filing of the plan. The plan may not provide for payments over a period that is longer than five years. 11 U.S.C. §1322(d).

The majority of the courts considering this issue have concluded that the duration of the plan should be calculated from the commencement of the payments to the trustee. *In Re Musselman,* 341 B.R. 652 (Bankr. N.D. Ind. 2005); *In Re Evans,* 183 B.R. 331 (Bankr. S.D. Ga. 1995); *In Re Collier,* 193 B.R. 1 (Bankr. D. Ariz. 1996).

The *Musselman* decision quoted extensively from Judge Keith Lundin's treatise on Chapter 13, discussing the drawbacks to measuring the time period for a Chapter 13 plan from the date of a confirmation order. Lundin concluded that the length of the plan should "be counted from the date that the first payment was due from the debtor... ." Keith M. Lundin, *Chapter 13 Bankruptcy,* 3d. Ed. §§ 200.1 at 200-2 (2000 & Supp. 2004), as cited in *Musselman,* at 656. In the case of *Baxter v. Evans (In Re Evans)*, 183 B.R. 331, supra, the court stated:

> [C]ommencing the time length of the payment period from confirmation would impose an additional burden on the debtors not authorized by the Code, requiring the making of pre[confirmation] payments due pursuant [to] §1326(a)(1), but not counting those payments under the term set forth in the plan.

*Id.* at 333 .

The Trustee had offered the case of *West v. Costen*, 826 F.2d 1376 (4th Cir. 1985) to support his view that the five year period for plan payments under 11 U.S.C. §1329 ( c) commenced at the "time the first payment under the original confirmed plan was due." *West*, 826 F.2d at 1378 (quoting 11 U.S.C. §1329( c ) ).

> The rationale for this approach is the language of Section 1329( c ) which provides that the duration of an amended plan may not extend longer than 60 months "after the time that the first payment under the original *confirmed* plan was due (emphasis added)." Because the statute makes reference to a confirmed plan, some courts have concluded that confirmation is the trigger point and, in so doing, they have given themselves the room they need to assist debtors who would otherwise be unable to continue a chapter 13 plan.

*In Re Collier,* 193 B.R. 1,2 (Bankr. D. Ariz. 1996)

While several cases have followed *West*, this Court will follow the reasoning found in the majority of cases.

THEREFORE, it is hereby ORDERED that the motions of the Debtors are GRANTED; and it is further ORDERED that a discharge in each of the above cases is due to be entered by the Trustee and no further payments beyond the sixty payments each Debtor has already made shall be due.

Dated: July 31, 2009

_____
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE


_____
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE

4