UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

JAMES ASHWORTH MCGRAW
CHERYL LYNN MCGRAW                                         Case No. 04-11693-MAM-13

    Debtors

In Re

JAY LAWRENCE MORRIS                                        Case No. 04-12209-WSS-13

    Debtor

**ORDER GRANTING TRUSTEE'S MOTION FOR CLARIFICATION
OF ORDER OF JULY 31, 2009 AND REQUIRING TRUSTEE
TO GRANT DISCHARGES TO DEBTORS BASED UPON 60 PAYMENTS
AND GRANTING THE MOTIONS TO REDUCE AND ALLOW CLAIMS BUT
REQUIRING THEM TO BE REDUCED TO THE AMOUNTS OWED AS OF
THE COMPLETION OF 60 PAYMENTS**

    C.M. Smith, Attorney for Debtors James and Cheryl McGraw, Mobile, AL
    William M. Doyle, Attorney for Debtor Jay Lawrence Morris, Mobile, AL
    Jeffery J. Hartley, Attorney for Trustee
    J.C. McAleer, Chapter 13 Trustee

These cases are before the Court on the Motion of the Chapter 13 Trustee to clarify the Court's order of July 31, 2009 and the Trustee's Motions to Reduce and Allow Claims in each case. This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. These matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order. For the reasons stated below, the Court is granting the Trustee's motion to clarify and is concluding that the debtors are entitled to make only 60 months of payments. The motions to reduce and allow are

1

granted and the claims at issue are to be reduced and allowed at the amounts that would be paid at the conclusion of payment of 60 payments by the debtors.

Most of the facts relevant to this decision were stated in the order of July 31, 2009 and will not be restated but are incorporated by reference. The Trustee has now filed and the Court is considering the Motions to Reduce and Allow Claims filed in each case. The McGraws and Mr. Morris each paid 62 months of payments to the Trustee before the Court ruled that, for new cases, and, when appropriate for old cases, the Court was establishing a new rule calculating payments from filing and not calculating from confirmation. This ruling was made due to the Court following what it determined was better reasoned case law. The prior procedure was not found to be improper and the procedure has been used in other districts as well. In the McGraw case, there are 4 claims which will be affected by whether the Court requires the McGraws to make 60 or 62 payments. In the Morris case, there are 5 claims which will be affected. In the McGraw case, if the claims are paid the amount paid by the McGraws over 60 months, the unsecured creditors will receive 4.5% of their claims. If they are paid the amount paid by the McGraws over 62 months, they will be paid 5.4% of their claims. In the Morris case, the 5 creditors will be paid 13.2% of their claims if the sum paid for 60 months is used to pay the creditors. If the 62 month sum is used, the creditors will be paid 17.19% of their claims. Mr. Morris filed his request for discharge after the 60th payment but before his 61st payment. The McGraws filed their request for a discharge after their 62nd payment was made.

LAW

The debtors assert that, because the Court ruled on July 31, 2009 that only 60 payments in total are necessary in a 60 month plan and not 60 payments after confirmation of the plan, they

2

should be able to receive their discharges based upon 60 months of payments only and receive a refund of 2 months of payments. The Trustee asserts that the ruling should be prospective only. By the time the debtors sought relief and/or the ruling was made on July 31, 2009, the funds collected for months 61 and 62 were already disbursed to creditors.

The Court's prior procedure was not improper. Therefore, the Court could require that the payments made in months 61 and 62 be retained. This was the expectation of the Court, trustee, debtors, and creditors in this District before the Court's ruling of July 31, 2009. The Court has stated that, as to other pre-July 31, 2009 cases, the Court will allow requests for discharge after 60 months on a case by case basis based upon legal and equitable considerations. Some of those considerations will be the types of concerns at issue in these cases--when the request for discharge is filed and whether payments have already been disbursed.

Because the McGraws and Mr. Morris are the cases that established the new procedure, the Court will allow the McGraws and Mr. Morris to have their cases calculated based upon 60 total payments. Therefore, the debtors should have their discharges entered as soon as possible based upon those payments. This ruling does not affect any other cases in which the request for discharge is made in the future.

The Trustee should then seek refunds of the amounts paid to creditors in excess of the 60 months of payments and refund those sums, as collected, to the debtors. The Court is aware that the Trustee does not normally issue the discharge before refunds are received, but the Court concludes that there is no statutory basis for withholding the discharges until the overpayments have been recovered in these cases due to the unique circumstances. Therefore, the discharges should be granted with final reconciliation of each case's account to be done after the refunds are

received.

THEREFORE IT IS ORDERED that

(1) the Trustee's Motion to Clarify is GRANTED to the extent of concluding that the debtors' cases shall be calculated based upon 60 total payments; and

(2) the Trustee's Motions to Reduce and Allow Claims is GRANTED to the extent of reducing and allowing the claims of the stated creditors as paid by 60 total payments by the debtors in each case.


Dated:   October 2, 2009


_/s/ William S. Shulman_
WILLIAM S. SHULMAN
CHIEF U.S. BANKRUPTCY JUDGE


_/s/ Margaret A. Mahoney_
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

4